OPINION OF .THE COURT — by the
How,. EDWARD TURNER..
?' Judgment was rendered on the declaration, without other pleading, in the court bélow for the plaintiff, subject to the following agreement of the parties, to wit: “ In this case, it is agreed by counsel on both sides, that the judgment taken in this cause be subject to the question, whether the *212 defendant, having never taken out letters, of- administration in this state, can be here sued upon a judgment obtained against him in another state, for a debt ofdefendant’ 3 intestate, as administrator. This question has been referred to this court on doubts of the judge before whom the suit was pending, and we have given the subject a full and thorough examination, both a.t the last term and the present. The powers, rights and duties of executors andadministrators have been much litigated, and have received a full share,of judicial attention: and although many points and principles are settled in the courts of Great Britain, and in those of the United States, of the several States, and even in this State, yet, we cannot promise, ourselves that new points will not arise hereafter from this fruitful source of controversy.
At a very early period of our territorial government, a suit was brought in the superior court of Jefferson County, by Johnson’s executors vs. Green’s executors. Johnson sued under letters testamentary obtained in Virginia, for a debt claimed to be due by Green, in his life time, to Johnson. ■ The executors of Green pleaded that Johnson’s executors had not obtained letters testamentary in the Mississippi Territory, and on demurrer to the plea, judgment was given for the defendants, under the authority of English precedents, supported by the case of Fennewick vs. Sears’ administrators, reported in 1st. Crauch 259. This judgment, it is stated, was affirmed in our supreme court, and has been considered authority ever since.
In England, different jurisdictions claimed separate and exclusive rights in settling and distributing deceased persons’ estates, and the law protected them in the exercise of their privileges.- We are more liberal, and more consistent, for we allow but one probate of a will, or one administration, in our state. Letters testamentaryor of administration granted in any county, have full power and effect throughout the state.
Every sovereign power or state, claims the right of having the estates of deceased persons lying or. being within their respective jurisdictions, collected and distributed under their own authority,- and under this principle they allow no foreign jiewer to interfere, or to exercise jurisdiction over such estate. This principle is a convenient and salutary one, and requires only tq be well understood, to be approved and respected. If admin *213 istration has been granted in our state, all creditors, foreign and domestic, can come in for payment on an equal footing. If no administration shall have been granted, a foreign, as well as a local creditor, can claim, and obtain letters of administration, or letters with the will annexed, as the case may be: and thus in either case, our courts superintend the just and lawful collection and distribution of the estates of deceased persons, found within our jurisdiction. We know that a person may have an estate in one or more states, and administration may be granted in each, according to their respective laws,-and that a creditor may seek his debt or demand, wher-. ever he finds assets; but he must seek it under the law and authorities of the local jurisdiction. Under these principles, all is harmony. But if we adopt the doctrine contended for by the plaintiff in this case, all would be confusion. Suppose Elisha Winter had died, leaving goods and lands in this state and in Kentucky; that administration on his estate had been taken here as well as in Kentucky; that the Mississippi administrator had given bond and security, and'had returned his inventory; that afterwards the Kentucky administrator happened here, apd was sued by a Kentucky creditor, that judgment was obtained, execution issued, and levied on those very goods and chattels inventoried by the former, [and if we give judgment, we cannot deny execution,] and suppose the estate shall be repreó sented insolvent here, what chance would Mississippi creditors have for their debts? What control would our courts have over the assets levied on ? And what responsibility would the Kentucky administrator be under for suffering an illegal judgment and recovery against him, or for a waste of the assets here? His bond in Kentucky can relate only to his acts in that state; and the nature of this question shows the impropriety of suffering such interference. The estates of deceased persons are under the protection of our laws; and no one need complain that there is no executor or administrator, for any person interested can procure the office, if the next of kin refuse or neglect it.
Reasoning and authority might be multiplied in this case, but it is deemed unnecessary to enter more into detail. The authorities referred to in Massachusette Reports and in Cranch, and those found in several other states of the union, support fully the grounds I have taken, and there is nothing in the cases cited by the plaintiff’s counsel which contravenes *214 them. We do not deny the credit and effect of the Kentucky judgment! It is a legal claim on the estate of the deceased E. Winter wherever found ; but surely, each state will be allowed its own mode of administering justice, and its own remedy to those who prefer their complaints. We do not deny the right, but we prespribe the remedy.
The case reported in 1 Marshall 301, which has been relied on by plaintiff’s counsel may be law. It is certainly within the words of the statute of this state, as well as’that in Kentucky; but the case before us is not such an one. It is not shown that E. Winter had or had not assets here at the time of his death, or that his administrator has brought any of his assets-to this state since the death of the intestate. If such is the case, the plaintiff is not without remedy. It is laid down in Wharton’s Digest, p. 277, that an administrator who takes out letters of administration in one state, may, in equity, bs called upon by a creditor, to account for tha assets in another. A suit at law might be framed to suit the case. Any action which would go to subject the defendant’s person or estate to just liability might be maintained. But in this case, he is sued in his character of administrator only, not charging a devastavit or any thing else,.to make him liable out of his own estate.
I am clearly of opinion that the present action cannot be maintained, and that the judgment be rendered for the defendant, on the case agreed.,